United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-30903
Summary Calendar

———————————

ANTHONY LECO, JR.,

Plaintiff-Appellant,

versus

E & S TOWING INC.,

Defendant-Appellee.

———————————
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CV-2422-B
———————————

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Anthony Leco, Jr. filed a complaint against E & S Towing, Inc. seeking damages under the Jones Act, 46 U.S.C. § 688, and maintenance and cure under general maritime law. Leco alleged that he was injured on July 9, 2003, while employed as a member of the crew of M/V MISS AUDREY DEAN. The district court found that Leco did not bear his burden of proving that an injury occurred on July 9, 2003. The district court stated that this case came down to a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

credibility choice between the version of the events by Leco and the other witnesses to the alleged injury.

Leco argues that the district court erred in finding that he had not shown that the alleged injury occurred. "In a bench tried case [in admiralty], a trial court's findings respecting negligence, cause, and proximate cause are findings of fact reviewed under the clearly erroneous standard." Gavagan v. United States, 955 F.2d 1016, 1019 (5th Cir. 1992). Leco argues that this court should review the credibility of witnesses testifying by deposition de novo and not defer to the findings of the district court. Findings based on documentary evidence as well as oral, in-court testimony are subject to review under the clearly erroneous standard. FED. R. CIV. P. 52(a); Missouri Pac. R.R. Co. v. Railroad Comm'n of Tex., 948 F.2d 179, 181 n.1 (5th Cir. 1991); McFarland v. T. E. Mercer Trucking Co., 781 F.2d 1146, 1148 (5th Cir. 1986). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573-74 (1985). The district court's view of the evidence is plausible, and Leco has not shown that the district court was clearly erroneous in its factual finding that no accident occurred.

AFFIRMED.